JAMES B. MCDONALD *vs.* JOSEPH PEACOCK.

December 12, 1887.

Instruction to Jury — Harmless Error—Construction of Contract.—
An instruction to a jury that a peculiar contract (embracing the terms of a lease of land to the plaintiff) constituted a *sale* to the plaintiff of a crop of grain grown on the land, *held* not prejudicial to the defendant, even if inaccurate; the effect of the instrument, however construed, being to vest in plaintiff the title of the grain, and the question whether it was made for a fraudulent purpose (the real question involved) being properly submitted to the jury.

Evidence—Fraud.—Evidence *held* sufficient to justify the verdict upon the question of fraud.

Documentary Evidence—Insufficient Objection.—An objection that a written instrument offered in evidence is incompetent, irrelevant, and immaterial, does not involve the point that preliminary proof of its execution had not been made.

Order of Proof.—The court may, in its discretion, control the order of proof.

The plaintiff brought this action in the district court for Pope county, to recover for the alleged conversion of wheat by defendant, the sheriff of that county. The defendant justified the taking under writs of attachment against the property of one Thomas McDonald, and denied plaintiff's title. The action was tried before *Baxter, J.,* and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Bruckart & Reynolds,* for appellant.

*Barto & Barto,* for respondent.

DICKINSON, J. The defendant, as sheriff of Pope county, under writs of attachment and execution against Thomas McDonald, levied upon and sold a field of grain growing, at the time of the levy, upon the land of the said Thomas McDonald. This plaintiff, James B. McDonald, claiming to be the owner of the grain, brings this action to recover for the alleged conversion. The plaintiff's right respecting the property was acquired under a written contract between Thomas McDonald and the plaintiff. By the terms of this instrument, Thomas "demised, leased, and let" to the plaintiff the land upon which this grain was grown, "to have and to hold * * * for the term of six months, or until the grain is secured, for the rents and upon the terms hereinafter specified." The plaintiff agreed to pay Thomas $300 to buy seed, feed, provisions, etc., or to furnish the same in whole or in part on the farm, as might be most convenient; also to apply $300 upon an indebtedness of Thomas to the plaintiff. Thomas agreed to cultivate the land, sow, harvest, and thresh the grain, and deliver two-thirds of it to the plaintiff. The court instructed the jury that this was a sale of the grain to the plaintiff, valid as between the parties; but left it to the jury to say, upon the evidence, whether it was made in good faith, or to defraud the creditors of Thomas McDonald; the jury being further instructed that this bare transaction, without any explanation, would raise the presumption of fraud.

It seems to be unnecessary to consider whether the court properly denominated this peculiar agreement as being, upon its face, a contract of sale. Under any possible construction of the agreement, assuming it to have been made in good faith, the plaintiff became and was the owner of the grain in question. Beyond the fact that the agreement was such as to vest the title in the plaintiff, it was only important to determine whether the agreement was made for a fraudulent purpose, or in good faith, and for the actual consideration of $600, as indicated in the instrument. The instruction to the jury, that *prima facie* it was presumptively fraudulent, stated the law touching its validity as favorably to the defendant as could have been asked upon any possible construction of the contract. The evidence sup-

porting the *bona fides* of the parties was sufficient to justify the verdict of the jury.

The objection to the introduction of the written agreement in evidence, viz., that it was incompetent, irrelevant, and immaterial, did not suggest the fact, as a ground of objection, that preliminary proof of its execution and delivery had not been made; and that objection is not now available. See *Stillman* v. *Northern Pac. &c. R. Co.*, 34 Minn. 420, (26 N. W. Rep. 399;) *Wood* v. *Weimar*, 104 U. S. 786. The order in which the evidence was presented was properly controlled by the discretion of the court. So, too, was the receiving of evidence going to establish the plaintiff's case after the defendant had rested.

Order affirmed.