JOHN PAULSON *vs.* D. M. CLOUGH and others.

.May 20, 1889.

**Assignment for Creditors—Construction of Act requiring Registry.**
Chapter 206, Laws 1887, in terms declaring assignments for the benefit of creditors invalid as to real estate until recorded in the office of the register of deeds, construed as a registry law merely; an unrecorded assignment being valid as between the parties and as to others having actual notice of it.

This action was brought in the district court for Kandiyohi county and tried without a jury by *C. L. Brown*, J., (acting for the judge of the 12th district.) Plaintiff appeals from an order refusing a new trial.

*James O. Pierce* and *Arctander & Arctander*, for appellant.

*Little & Nunn*, for respondents.

DICKINSON, J. The plaintiff is an assignee for the benefit of creditors of the property of insolvent debtors. The debtors' assignment to the plaintiff was filed in the office of the clerk of the district court in the county of Kandiyohi, on the 10th day of February, and the plaintiff qualified as assignee on that day. The assignment embraced certain real estate of the debtors, situate in that county. On the 24th of February a judgment in favor of the defendants Clough Bros. against the plaintiff's assignor was docketed in the same county, and on the 6th day of March an execution thereon was levied upon the real estate in question by the sheriff, who is one of these defendants. No copy of the assignment was filed for record in the office of the register of deeds of Kandiyohi county until the same 6th day of March; but at the time of the entry of their judgment the defendants knew of the assignment to the plaintiff, and that he had qualified and had taken possession of the property in question. By this action the plaintiff seeks to restrain the enforcement of the execution as respects this property, and to have the levy set aside.

The principal question in the case is as to whether the assignment or the subsequent judgment and levy should prevail; and this depends upon the construction to be put upon chapter 206, Laws 1887.

This law is entitled "An act to provide for the recording in the office of registers of deeds, of certified copies of deeds or decrees of assignment for the benefit of creditors, affecting real estate." It enacts that "no deed of assignment for the benefit of creditors, whether under the general assignment law or the insolvent law of this state, and no order or decree of assignment under said insolvent law by any court, shall be valid or of any force or effect whatsoever as a conveyance of any land, or of any estate or interest therein, in this state, until a copy of such deed, order, or decree, certified by the clerk, or his deputy, of the court wherein the original deed, order, or decree is filed, shall be filed for record in the office of the register of deeds of the county wherein such land is situated." While the language of the act does not disclose the purpose intended to be accomplished as clearly as would have been desirable, we are satisfied that it should be construed as a mere registry law, intended for the protection of subsequent purchasers, and not as making the recording in the office of the register of deeds essential to the validity of the assignment, as respects those not prejudiced by a neglect to make such record. Our reasons for this conclusion may be briefly stated. This construction is in accordance with the long-established policy of the state, manifest in its legislation, as it is also in the legislation of other states, requiring conveyances of real estate to be recorded in the office of the register of deeds for the protection of subsequent purchasers. Such statutory requirements have always been regarded as designed for the purpose of notice only; unrecorded conveyances being effectual as between the parties, and as to all persons having actual notice of the same. The same reason for such a requirement as to ordinary conveyances by deed may be regarded as applicable, in some degree at least, to conveyances of real estate effected by means of assignments for the benefit of creditors. On the other hand, there is no apparent reason for making the validity and effect of such assignments to depend, as between the parties, and as to persons not prejudiced by want of statutory notice, upon the recording of the assignment in that office. That the purpose of this requirement was not to prevent secrecy in the making of such assignments, and as a means of giving publicity to them for the general purpose of preventing

fraud, is apparent from a consideration of the facts—*First*, that the requirement is not applicable to assignments of personal property, but only of real estate; and, *second*, that it was already provided by the general assignment law of 1876 (Gen. St. 1878, *c.* 41, §§ 23 *et seq.*,)—and the insolvent law of 1881 (Laws 1881, *c.* 148) adopted the same requirements—that all assignments should be void until filed in the office of the clerk of the district court. This act of 1887, in the terms which we have recited, contemplates that the "copy" to be recorded in the register's office is a copy of what is already matter of record in the office of the clerk of the court. Thus publicity is given the fact of the making of an assignment independent of the requirements of this act.

Again, why should the legislature enact that such assignments should be wholly void and of no legal effect as respects real estate, but impose no such condition so far as personal property is concerned? If we adopt the construction which we have indicated as being the purpose and effect of the law, the answer is apparent and satisfactory. The act is thus in accord with the general legislation of the state upon the subject of recording conveyances of real estate. If the construction contended for by the respondents be accepted, a reason for the distinction in the law as to the two classes of property cannot well be suggested. It will be observed, too, that not only deeds of assignment, but decrees of the court in insolvency, are subject to the same condition under this act. It is unreasonable to suppose that the legislature intended to declare that the judgments of the courts of general and competent jurisdiction, regularly made and entered in the records of the courts, should be, so far as concerned the real estate of the insolvent debtor, absolutely void and of no legal effect as to the parties before the court or as to any persons, until a copy of the same should be filed for record in the office of the register of deeds; yet to this does the construction contended for by the respondents necessarily lead. But, if we give to this act the effect of a registry law, all is plain. We feel no doubt that such was the intention of the legislature. In *Fosdick* v. *Barr*, 3 Ohio St. 471, it was held that an unrecorded mortgage was effectual as between the parties, although the statute required mortgages to be recorded, and pro-

vided that they should "take effect" from the time they were delivered for record. Our conclusion is that the assignment was effectual as a conveyance of the property to the plaintiff for. the purposes of the trust, and that he was entitled to have the levy, made under the subsequent judgment, set aside, the judgment creditors having actual notice of the prior assignment.

Order reversed.