A. W. THOMPSON *vs.* JOHN ELLENZ *et al.*

Argued June 29, 1894. Affirmed July 19, 1894.

No. 8794.

**Objection to instrument offered in evidence.**

> The objection that a written instrument offered in evidence is incompetent, irrelevant, immaterial, and not embraced within the issues, does not cover the objection that the signatures to the instrument have not been proved; and, if this objection is not made specially, it is waived.

**Contract construed as to parties to it.**

> A certain contract construed, and *held* to be on its face the contract of the corporation named in it, and not of the agent who signed it.

## A power to sell land construed.

Trust deeds secured the payment of indebtedness, appointed trustees with power to foreclose and other powers, and provided that the mortgagor could sell the mortgaged lands, and substitute the proceeds as security, to be reinvested by the trustees, and held by them as a sinking fund to meet the payment of the indebtedness when it came due. Afterwards power was given to the trustees to sell the lands themselves for the purpose of carrying out the trust. *Held*, this power, being given for the purpose of substituting one security for another, and not as a means of foreclosing the trust deeds. authorized the trustees to sell the land without right of redemption.

## A common-law assignment made in another state valid here.

Where an assignment for the benefit of creditors is made in another state by a resident thereof, and is not repugnant to the laws of this state, and does not appear to be repugnant to the laws of the state in which it is made, is voluntary, and in the nature of a common-law assignment, and the deed of assignment is executed as deeds of conveyance are required to be executed by the laws of this state, and it purports to convey land in this state, *held*, it is good as a conveyance of such land, at least as against every one but the creditors of the assignor.

## Laws 1887, ch. 206, construed.

*Paulson* v. *Clough*, 40 Minn. 494, followed, to the effect that Laws 1887, ch. 206, is merely a registry law.

## Vendee in possession is estopped to dispute his vendor's title.

*Mitchell* v. *Chisholm*, 57 Minn. 148, followed on the point that a vendee in possession under an executory contract is estopped in an action of ejectment to dispute the vendor's title.

## Ejectment against a vendee in default.

Ejectment is a proper remedy against such a vendee when in default, and, if no equitable circumstances excusing such default appear, and no equitable relief is asked, the vendor is entitled to judgment for possession.

## Demurrer abandoned by going to trial on the facts.

Where the demurrer of the defendant to the complaint is overruled, and, without answering, he is permitted to and does proceed to trial on the merits, and, after trial, proposes and settles a case and exceptions, and moves for a new trial, *held*, he thereby abandons his demurrer, and cannot, on an appeal from an order denying such motion for a new trial, review the order overruling the demurrer.

Appeal by defendants, John Ellenz, J. M. Sprague and others, from an order of the District Court of Houston County, *Jno. Whytock*, J., made January 19, 1894, denying their motion for a new trial.

The north half of the northeast quarter of Section five, T. 102, R. 6, in Houston County, was with other lands on March 3, 1857, granted by the United States to Minnesota in aid of the construction of railroads. The State on December 1, 1866, granted this land to the Southern Minnesota Railroad Company and it by three separate and successive deeds of trust conveyed the land to Samuel B. Ruggles and Albon P. Man, trustees, to secure the payment of its bonds for $1,000,000. The last of these deeds dated March 13, 1868, authorized the trustees to sign, seal, execute and deliver, in the name and as the act of the Company, contracts for the sale and deeds of conveyance of the lands, or any piece or part thereof, and reinvest the proceeds to meet the bonds at their maturity. On March 22, 1880, the Railroad Company and the trustees, acting by M. Conant, Commissioner, in behalf of both, contracted with Nicholas Ellenz to sell to him the above mentioned eighty acre tract for $559.59. He paid down $225.78, went into possession and agreed to pay the balance in five annual installments on December 1st in that and the four next succeeding years, with interest annually on all sums unpaid, and to pay the taxes. Ruggles died and Alerick H. Man was on June 15, 1883, duly appointed trustee in his place. He and Albon P. Man on September 26, 1885, conveyed this land and assigned the Ellenz debt and contract to N. C. Frederickson. He on April 20, 1886, deeded the land and assigned the debt and contract to C. D. Kendrick and Henry Herman of Milwaukee, Wis. On November 23, 1889, Kendrick made an assignment of all his property to Herman in trust for his creditors pursuant to the law of that state. Herman accepted the trust and on April 26, 1890, as such assignee, deeded Kendrick's interest in the land and assigned his interest in the Ellenz debt and contract to John W. Cary. He and Herman on May 31, 1892, jointly deeded the land and assigned the debt and contract to plaintiff. Nicholas Ellenz failed to pay as agreed and on December 1, 1891, he died intestate in Houston County, leaving defendants, Gertrude Ellenz, his widow, John Ellenz and six others, his children, his heirs at law. Plaintiff offered to deed the eighty acres to the heirs or to whomsoever they might designate on being paid the balance due on the contract. They refused, nor would they agree to pay the balance due at any future date or to surrender possession of the land. On May 16, 1892, plaintiff ten-

dered them a deed and demanded $501.80, the balance then due on the contract, but was refused and he brought this action to cancel the contract for nonperformance and to obtain possession of the property.   J. M. Sprague held a mortgage on the land given by Ellenz and was made a defendant with the heirs.   He demurred to the complaint, but the heirs answered denying plaintiff's title but did not ask to be allowed to pay and have a deed in case he established his title.   Sprague's demurrer was overruled, and he without answering took part with the other defendants in the trial of the issues raised by their answer.   These facts were established on the trial and the court ordered judgment for plaintiff.   The defendants including Sprague moved for a new trial of the issues.   Being denied they appeal.

*Harries & Duxbury*, for appellants.

Before the Ellenz contract can be terminated notice of forfeiture must be served and reasonable opportunity given the defendants to perform.   *Quinn* v. *Olson*, 34 Minn. 422; *Higbie* v. *Farr*, 28 Minn. 439; *O'Connor* v. *Hughes*, 35 Minn. 446; *Coles* v. *Shepard*, 30 Minn. 446; *Getty* v. *Peters*, 82 Mich. 661.

As to J. M. Sprague it was an abuse of discretion to overrule the demurrer and direct judgment against him without leave to answer.

The act of March 3, 1857, did not *ipso facto* pass the title of this land to Minnesota.   It provided that upon the location of a certain railroad certain lands should pass.   The certificate of the Land Commissioner certifying the land to Minnesota would be the proper evidence of the transfer from the United States.   The plaintiff offered no evidence to show that the title to this land passed from the United States to the State of Minnesota.   *Musser* v. *McRae*, 38 Minn. 409; *Schulenberg* v. *Harriman*, 21 Wall. 44; *Knevals* v. *Hyde*, 6 Fed. Rep. 651.

The next flaw in plaintiff's proof of title is found in the deed from the State of Minnesota by its governor to the Southern Minnesota Railroad Company.   The description in the deed is "N.² N. E. Section 5, Town 102, Range 6."   This means nothing and this court has said, "It would never do to permit any explanation to show what such a description meant."   *Keith* v. *Hayden*, 26 Minn. 212.

No title passed to Ruggles and Man by the three instruments given them by the Railroad Company, and no title could be acquired under these instruments except by foreclosure.

Nicholas Ellenz was dead and the contract with him was not acknowledged. There was no evidence given of his signature and it does not prove itself. Nor is there any evidence of authority in M. Conant to act for either of the vendors. Executed as this contract is, if the signature was proven, the contract would be that of M. Conant and not that of the Southern Minnesota Railway Company or of Albon P. Man and Samuel B. Ruggles. Tiedeman Real Prop., § 805.

Kendrick's interest could not be passed by a deed of assignment for the benefit of creditors executed in the State of Wisconsin. Such a deed could have no effect to transfer real estate in this state. *McClure* v. *Campbell*, 71 Wis. 350; *Filkins* v. *Nunnemacher*, 81 Wis. 91; *Kelly* v. *Crapo*, 45 N. Y. 86.

A deed of assignment for the benefit of creditors only passes real estate in this state when filed in the office of the Register of Deeds in and for the county where the real estate is situated. Laws 1887, ch. 206. And at the date of the transfer from Herman and Cary to plaintiff the deed of assignment was not recorded in Houston County where the land in controversy is located.

*Gray & Thompson*, for respondent.

A vendee in possession under a contract for a sale of real estate who has made improvements on the land and paid part of the purchase money, but who is in default as to the remainder and who continues the default, notwithstanding the vendor has tendered the deed and demanded payment, and who does not excuse his default nor offer to make it good, nor ask for a specific performance, is not entitled to be retained in possession against the legal right of the vendor. *Williams* v. *Murphy*, 21 Minn. 534; *Merrill* v. *Dearing*, 22 Minn. 376.

In cases where the vendee fails to comply with the conditions of the contract, the vendor may maintain an action in ejectment without alleging or proving previous demand of possession or notice to quit. *Baker* v. *Gittings*, 16 Ohio, 485; *Jackson* v. *Miller*, 7 Cow.

747; *Wright* v. *Moore*, 21 Wend. 229; *Gregg* v. *Von Phul*, 1 Wall. 274.

The defendants cannot criticize the deed from the state. It is the common source of title. They took possession under the contract to Ellenz and cannot dispute the vendor's title. This estoppel extends to those claiming under the vendee, and a purchaser from him cannot set up want of title, or an outstanding title, against the vendor. *Bowers* v. *Keesecker*, 14 Ia. 301; *Gudger* v. *Barnes*, 4 Heisk. 570; *Corder* v. *Dolin*, 4 Bax. 238; *Waggener* v. *Lyles*, 29 Ark. 47; *O'Brien* v. *Wetherell*, 14 Kan. 616; *Jackson* v. *Ayers*, 14 Johns. 223; *Jackson* v. *Thompson*, 6 Cow. 178; *Jackson* v. *Walker*, 7 Cow. 636.

The objection to the admission in evidence of the contract with Ellenz was that it was incompetent, irrelevant and immaterial. This did not call attention to want of proof of Ellenz's signature, he being dead. A party wishing to rely on the objection that the signature to an instrument is not proved should make the objection specifically. *Schwartz* v. *Germania Life Ins. Co.*, 21 Minn. 215.

CANTY, J. Plaintiff brought an action of ejectment against defendants for the possession of the land in question, alleging that on the 22d day of March, 1880, "the Southern Minnesota Railroad Company, by its trustees Samuel B. Ruggles, and Albon P. Man, was the owner of this land, and on that day executed and delivered a contract to Nicholas Ellenz, which is set out by copy, and purports to be an agreement by the railway company, "acting as well on its own behalf as on behalf of Samuel B. Ruggles and Albon P. Man, trustees under a special land trust created by said company, of the first part," and Ellenz, of the second part, by which the first parties agree to convey to Ellenz the land in question for the sum of $559.59, and stating that he had paid in cash $225.78, and that he agreed to pay the interest on December 1st each year, and $85 of the principal December 1, 1880, and $83 on December 1st of each year thereafter until December 1, 1884. The contract concludes: "In witness whereof the Southern Minnesota Railroad Company hath caused these presents to be signed in duplicate by the commissioner of its land office, and the second party hath hereunto set his name on the day and year above written. M. Conant, Commissioner. Nicholas Ellenz, Purchaser."

It further alleges that thereafter the trustee, Ruggles, died, and one Arlick H. Man was appointed trustee in his place, and thereafter, on September 26, 1885, these trustees "sold, assigned, transferred, and deeded said above-described land, together with said contract for the sale of the same, and all benefits arising from said sale," to one Frederickson; and that thereafter the land was conveyed, subject to the contract, through several mesne conveyances, to plaintiff. That on December 1, 1891, Ellenz died, leaving as his heirs the defendants in this action, who are wrongfully in possession of the land. That nothing more has ever been paid on the contract, and on May 16, 1892, plaintiff demanded payment of the balance due. That the defendant J. M. Sprague claims some lien or interest in said premises adverse to plaintiff.

The answer of all the defendants except Sprague admits the death of Nicholas Ellenz, and is a general denial as to the other allegations of the complaint. Sprague demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The case was tried by the court without a jury and on the trial argument was heard on the demurrer of Sprague, and it was taken under advisement. The evidence of plaintiff was received. Defendants offered no evidence, and the court found the facts, and ordered judgment for plaintiff. From an order denying their motion for a new trial, defendants appeal.

1. On the trial, plaintiff offered in evidence the contract to Nicholas Ellenz set out in the complaint. The defendants objected, on the ground that it was incompetent, irrelevant, immaterial, and not embraced within the issue. The objection was overruled, and defendants excepted. Defendants assign this as error, and urge that, it not having been acknowledged and Ellenz being dead, the signatures should have been proved. No objection was made on that ground. That objection should have been made specially. *Schwartz* v. *Germania Life Ins. Co.*, 21 Minn. 215.

2. It is urged that this contract to Ellenz is, on its face, neither the contract of the railroad company nor of the trustees, but of Mr. Conant. We do not agree with counsel. From the portion of the contract above quoted it purports to be the contract of the railroad company.

3. It is urged that these trustees never had the legal title to this land, but were the mere trustees of mortgages, and therefore could not convey the land to Frederickson, and for that reason plaintiff has no title. The railroad company made what is termed a "trust deed" to the trustees, dated August 8, 1864, covering the railroad and these and other lands. It provided for the sale of the lands by the railroad company, with the consent of the trustees, for cash or on credit, the proceeds to be received by the trustees, and reinvested as fast as converted into cash, for the purpose of creating a sinking fund for the security and payment of long-time bonds secured by the trust deed. Another trust deed was executed by the railroad company to the trustees, dated April 1, 1868, covering these same lands, and to secure apparently the same indebtedness, and containing a somewhat similar provision as to the disposal of these lands and the reinvestment of the proceeds.

On March 13, 1868, the railroad company made to the trustees another instrument, reciting the trust deed of August 8, 1864, and giving the trustees power to sell these lands at such prices, in such parcels, and in such manner and form as they deemed necessary for the purpose of carrying out said trust. It seems to us that these instruments gave the trustees the power to convey the land to Frederickson. Such conveyance was not, as contended by appellants, an attempt to foreclose a mortgage. It was not an attempt to foreclose any mortgage, but a mere substitution of security. The railroad company desired to sell the mortgaged lands, reinvest the proceeds, and substitute the securities so obtained as collateral security for the payment of the indebtedness, and the mortgagee simply consented to the change. If it appeared on its face to be a mere device to evade the statute regulating foreclosure sales and allowing time for redemption from such sales, it might be a different question.

4. One of the transfers between Frederickson and plaintiff in plaintiff's chain of title is an assignment for the benefit of creditors by a resident of Wisconsin under the laws of that state, and a deed from the assignee. It is urged that this assignment can have no extraterritorial force, and cannot pass title to lands in this state. The laws of this state prohibit common-law assignments only when made by a resident of this state, or a person doing business in this

state. See *McKibbin* v. *Ellingson, ante,* p. 205, 59 N. W. 1003. This assignment is not repugnant to the laws of this state, does not appear to be repugnant to the laws of Wisconsin, is voluntary, and in the nature of a common-law assignment, and the deed of assignment is executed as deeds of conveyance are required to be executed by the laws of this state. Being made by a nonresident, not doing business in this state, the conveyance is good, at least as against every one but the creditors of the assignor.

5. It is urged that this deed of assignment could not take effect in this state until recorded as provided by Laws 1887, ch. 206, even if otherwise good as an assignment in another state; and, it not having been so recorded before the deed under it was made, such deed is void. Said chapter 206 has no such effect; it is merely a registry law. *Paulson* v. *Clough,* 40 Minn. 494, (42 N. W. 398.)

6. Appellants claim that there are defects in the chain of title from the United States government to the railroad company. It is not necessary to consider this question. It sufficiently appears that the railroad company is the common source of title, and that defendants are in possession under that title by virtue of the contract of sale to their ancestor. They are therefore estopped to deny the title of the railroad company. *Mitchell* v. *Chisholm,* 57 Minn. 148, (58 N. W. 873.)

7. Ejectment is a proper remedy in this case, especially so when the laches of the vendee are so great, and no excuse for such laches is shown, and no relief asked in the answer.

8. It is urged that the court erred in overruling the demurrer of Sprague. That question is not before the court. He appears to have participated in the trial on the merits without any answer on his part, and the court finds that he is the owner of a mortgage given by defendants. He joined in settling a case and exceptions, and appeals from an order denying a motion for a new trial. He did not stand on his demurrer, but abandoned it.

These being all the assignments of error worthy of consideration, the order appealed from should be affirmed. So ordered.

BUCK, J., absent, took no part.

(Opinion published 59 N. W. 1023.)