GEORGE W. MEAD v. CATHARINE RANDALL and Another.[1]

May 12, 1897.

Nos. 10,372—(39).

**Insolvency—Proof of Claim—Release of Security.**

The mere act of proving a secured demand as a claim against the estate of an insolvent does not work a release or surrender of the collateral security.

**Bona Fide Purchaser—Burden of Proof.**

Where a party claiming under a title junior in point of time is resisting a prior unrecorded title from the same source, the burden is upon him, at least where he is a party to the original instrument creating such junior title, to prove that he purchased or acquired such title in good faith.

**Same—In Insolvency Proceeding.**

Rule applied where a judgment creditor claimed a lien on the real estate of an insolvent debtor paramount to a prior assignment by the debtor for the benefit of creditors, on the ground that the judgment was docketed in the county where the land was situated before the assignment was recorded in that county.

**Same—Sufficiency of Evidence.**

Evidence considered, and *held* insufficient to justify a finding that the creditor had no notice of the assignment when the judgment was docketed.

Appeal by plaintiff from an order of the district court for Nicollet county, Webber, J., denying his motion for a new trial. Reversed.

*A. R. Pfau* and *A. M. Rutan*, for appellant.

It is claimed on the part of the plaintiff that it is not sufficient that the defendant has shown that her judgment was docketed and entered prior to the recording of the deed of assignment, it having been shown that the property sought now to be subjected to the lien of this judgment was, before the entering and docketing of such judgment, duly assigned and conveyed; we claim that she must further prove, before she can acquire this lien, that when said judgment was entered she had no notice of the existence of said deed of assignment. Lamberton v. Merchants', 24 Minn. 281; Paulson v. Clough, 40 Minn. 494.

[1] Reported in 71 N. W. 31.

Where a party relies upon a subsequent conveyance to take precedence over a prior unrecorded one, it is necessary for such party to prove in the first instance that he had no notice of the prior conveyance. Roussain v. Patten, 46 Minn. 308; Wright v. Larson, 51 Minn. 323.

*Lorin Cray*, for respondents.

An assignment for the benefit of creditors is invalid as to real estate until recorded with the register of deeds. G. S. 1894, § 4228. This statute is probably intended as a mere registry act to protect bona fide purchasers. Paulson v. Clough, supra. In a contest between an assignee claiming real estate, and a judgment creditor claiming a lien upon the same real estate, it would seem that the rights of the creditor attach and become fixed upon the docketing of his judgment. In re Church, 40 Minn. 39. And that rights which have become fixed can not be disturbed by an assignment thereafter made is held in Bean v. Schmidt, 43 Minn. 505. The burden of proving good faith is upon a party claiming adversely to an unrecorded instrument; but that good faith may be proven by circumstances, as, for instance, if the lien or incumbrance were acquired in the ordinary way; and this being so, the burden of proof shifts, and the party claiming under an unrecorded conveyance must affirmatively prove notice of his conveyance. Bank v. Ellis, 30 Minn. 270; Shotwell v. Harrison, 22 Mich. 410; McCarthy v. Grace, 23 Minn. 182; Wright v. Larson, 51 Minn. 321. One holding security for his claim may legally file and prove his claim without surrendering his security. He is not called upon to so surrender it before payment of his claim. Swedish v. Davis, 64 Minn. 250. If a judgment lien is in any case a security, such as is referred to in the insolvency statutes when speaking of secured claims, yet a creditor does not surrender his security until he accepts a dividend and files a release. Nicolay v. Mallery, 62 Minn. 119.

MITCHELL, J.[2]   The admitted facts are as follows: The land in dispute is situated in Nicollet county, and on November 19, 1891, belonged to one Marsh, a resident of the city of Mankato, Blue Earth county. On that day, Marsh, in conformity with the insolvency law of 1881, executed to plaintiff a general assignment of his property for

[2] Buck, J., took no part.

the benefit of creditors, which was filed the same day, at 2:10 p. m., in the office of the clerk of the district court for Blue Earth county, and a certified copy filed for record in the office of the register of deeds of the same county on November 21, at 10:15 a. m., and a similar copy filed for record in the office of the register of deeds of Nicollet county on November 21 at 5 p. m. On October 13, 1891, the defendant Randall brought suit in the district court of Blue Earth county against Marsh on a valid demand for money, the complaint being filed and the summons served personally on that day. Judgment was rendered in that action in favor of Randall and against Marsh on November 20th, and docketed in Blue Earth county at 2 p. m. the same day. A transcript of this judgment was filed and docketed in Nicollet county on November 21st, at 10 a. m. Randall was, and for 10 years then last past had been, a resident of the city of Mankato, the county seat of Blue Earth county.

On November 21, 1891, Randall caused execution on her judgment against Marsh to be issued, directed to the sheriff of Nicollet county, under which a levy was made on the land in question, but the execution was afterwards returned unsatisfied. In January, 1892, Randall filed with the plaintiff a transcript of her judgment as a claim against the estate of Marsh, and in the affidavit verifying it stated that the claim was not in any manner secured. Subsequently Randall caused a second execution on her judgment to be issued, directed to the sheriff of Nicollet county, under which defendant Block, as such sheriff, levied on the land, and was about to sell it to satisfy the judgment, when the plaintiff brought this action to enjoin the sale, and to have it adjudged that he, as assignee of Marsh, was the owner of the land, and that Randall had no lien thereon by virtue of her judgment. There was no evidence as to whether Randall, at the time her judgment was docketed in Nicollet county, had actual notice of the assignment from Marsh to plaintiff except so far as an inference one way or the other may be drawn from the foregoing facts.

The trial court found as a fact that Randall did not have notice or knowledge of the assignment from Marsh to plaintiff at the time of docketing her judgment in Nicollet county. This finding is assailed by plaintiff as not supported by the evidence. The court further held as conclusions of law that Randall's act in proving her judgment as

a claim against the estate of the insolvent did not operate as a release or waiver of any lien which she might have on the land by virtue of the docketing of the judgment, and that, as the judgment was docketed in the county where the land was situated, before the assignment was recorded, the lien of the former was paramount to plaintiff's title under the latter. It appears from the judge's memorandum that the finding of fact referred to was predicated on the theory that the burden was on plaintiff to prove that Randall had notice of the assignment when her judgment was docketed in Nicollet county, and not upon her to prove that she did not. The contentions, and the only contentions, of the plaintiff in this court are: First, that the burden was on Randall to prove that she had no notice of the assignment, and that the evidence was insufficient to justify the finding in her favor on that issue; second, that if she ever had a lien on the land it was released or waived by her proving her judgment as a claim against the estate of the insolvent.

That the mere proof of a secured demand as a claim against the estate of the insolvent does not amount to a release or surrender of the security was decided in Swedish v. Davis, 64 Minn. 250. We have decided that the provision of G. S. 1894, § 4228, that no deed of assignment for the benefit of creditors shall be valid, or of any force or effect as a conveyance of land, until a copy thereof is filed for record in the county where the land is situated, is merely a registry law, and that, although unrecorded, such deed is valid as between the parties and as to those having actual notice. Paulson v. Clough, 40 Minn. 494, 42 N. W. 398. It is the settled doctrine in this state that where a party claiming under a title junior in point of time is resisting a prior unrecorded title, the burden is upon him, at least where he is the original party to the instrument creating such junior title, to prove that he purchased or acquired such title in good faith. Bank v. Ellis, 30 Minn. 270, 15 N. W. 243; Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122; Wright v. Larson, 51 Minn. 321, 53 N. W. 712. See, also, Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Plymouth v. Seymour, 67 Minn. 311, 69 N. W. 1079. The trial court was therefore in error in the view of the law expressed in his memorandum, but, as this memorandum is no part of the record, this would be no ground for reversal if the evidence justified the finding of fact.

We have repeatedly held that proof that the junior conveyance or mortgage was taken for a valuable consideration, and in the ordinary course of business, is, in the absence of any opposing suspicious circumstances, sufficient to make out a prima facie case of good faith. The strongest of these probative facts is that the party has paid a valuable and adequate consideration, for a purchaser is not likely to part with his money or property when he knows that his vendor has no title or an incumbered title. This is entirely wanting in the present case. The defendant Randall parted with nothing. The evidence was insufficient to make out even a prima facie case of want of notice. It is true that the procedure by which the judgment was obtained and subsequently docketed was according to the usual practice in such cases, yet the accompanying circumstances, such as the promptness with which the judgment was entered and a transcript docketed in Nicollet county, and the fact that both parties were residents of Mankato, where the assignment was already a public record, so far from tending to prove that Randall had no actual notice of it, rather have the tendency, if they have any probative force whatever, to at least arouse a suspicion that she did have notice of the assignment. Therefore we do not think that the evidence justified the finding.

Order reversed, and new trial granted.