FRED A. MILLER V. CHARLES E. WAITE ET AL.

FILED NOVEMBER 23, 1899. NO. 9,039.

59 319
s60 432

1. **Voluntary Assignments: PARTNERSHIP PROPERTY.** A deed of assignment which purports to convey to the assignee all the assigning partnership's property, except such as is exempt from attachment or execution, is valid, and transfers the title to all the firm property to the assignee.

2. ———: ACTION BY ASSIGNEE: CONVERSION. An assignee for the benefit of creditors, to whom possession of the trust property has been delivered, may maintain an action for conversion against one who wrongfully seizes such property.

3. ———: ———: REGISTRATION OF DEED. Such right is not divested by the mere failure to file the deed of assignment for record within twenty-four hours after its delivery.

4. **Partnership Property: EXEMPTION.** Individual partners can not claim as exempt any portion of the partnership property until after partnership debts have been liquidated.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Mockett & Polk, Stewart & Munger, Doyle & Stone, E. M. Coffin, Darnall & Kirkpatrick* and *C. S. Rainbolt,* for plaintiff in error.

*Willard E. Stewart* and *Stearns & Tyrrell, contra.*

SULLIVAN, J.

This action was brought by Fred A. Miller in the district court of Lancaster county to recover of the defendants, Charles E. Waite and others, the value of a stock of merchandise. The material averments of the petition are that the plaintiff, being the sheriff of Lancaster county, received on August 1, 1894, a deed of assignment whereby the Muir-Cowan Company, a partnership, organized for the purpose of trade, and doing business in the city of Lincoln, transferred to him all of its property for the benefit of firm creditors; that the plaintiff took im-

mediate possession of the assigned estate, and on August 11, 1894, filed the deed of assignment for record in the proper office; that after plaintiff had taken possession of the property here in question, and while he was exercising exclusive control and dominion over the same, the defendants wrongfully seized and converted all of said property to their own use. The deed of assignment, which is made a part of the petition, is in the usual form, except that it contains this claim for exemptions: "The property claimed by us as exempt is five hundred dollars of the stock of Muir-Cowan & Co. for James Muir, and five hundred dollars of the stock of Muir-Cowan & Co. Louis A. Cowan." The court sustained a general demurrer to the petition, and, the plaintiff electing to abide by his pleading, judgment was rendered in favor of the defendant.

The judgment is manifestly wrong, and must be reversed. Section 2 of the act regulating assignments (Compiled Statutes, 1899, ch. 6) provides that the assignment shall cover all the property of the assignor, except so much thereof as may be exempt from levy and sale on execution. Section 29 of the same law declares that every assignment which shall reserve to the assignor any interest in the assigned property shall be void. The defendants contend that under these provisions of the statute the deed from the Muir-Cowan Company to the plaintiff was ineffective as a transfer of the partnership property. We think the deed was valid. It, in express terms, conveyed to Miller all the property and effects of the firm "not exempt from attachment and execution." No part of the property was exempt (*Wise v. Frey*, 7 Nebr., 134; *Lininger v. Raymond*, 9 Nebr., 40), and the title to the whole of it, therefore, vested in the assignee, and was held by him in trust for creditors, notwithstanding the statement in the deed that each of the partners claimed an exemption.

Another contention of the defendants is that the assignment was void because of the failure to record the

deed within twenty-four hours from the time of its execution. Our view of the matter is that the title to the property passed to the assignee when the deed was delivered; and the precedents, so far as we know, are all to that effect. See *Wells v. Lamb*, 19 Nebr., 355; *American v. Frank*, 62 Ia., 202; *Paulson v. Clough*, 40 Minn., 494; *Thompson v. Ellenz*, 58 Minn., 301; *Warner v. Jaffray*, 96 N. Y., 248; *Nicoll v. Spowers*, 105 N. Y., 1; *Betz v. Snyder*, 48 O. St., 492. The failure to file a deed of assignment for record within the time fixed by statute would not, *ipso facto*, divest the assignee's ownership of the trust estate. If such failure be regarded as a condition subsequent, it would not, under the provisions of section 6 of the assignment law (Compiled Statutes, ch. 6), work a forfeiture of the assignee's title in favor of a creditor who had not acquired a lien on the property. See *Seal v. Duffy*, 4 Pa. St., 274; *Weber v. Samuel*, 7 Pa. St., 499.

According to the allegations of the petition, the seizure of the stock of merchandise in question was a lawless act—an act done without color or claim of right; and the plaintiff might, therefore, on his mere possessory title, sue the defendants for conversion. Whatever may be the infirmities of Miller's title, the defendants, even if they were creditors of the Muir-Cowan Company, could not lawfully seize the assigned property without legal process. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.