LONDON & NORTH WEST AMERICAN MORTGAGE COMPANY
v. ST. PAUL PARK IMPROVEMENT COMPANY and Others.[1]

July 5, 1901.

Nos. 12,684—(182).

## Insolvent Corporation—Sequestration.

Action for the sequestration of the property of the defendant corporation and the appointment of a receiver. The court appointed a receiver, and afterwards made its order adjudging and allowing the claims of creditors against the corporation, and a further order levying an assessment upon its stockholders, pursuant to Laws 1899, c. 272. *Held*:

## Appeal.

1. Each of the orders is appealable.

## Laws 1899, c. 272, Constitutional.

2. The act under which the assessment was made is constitutional. Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne B. & S. Co., 80 Minn. 125, followed.

[1] Reported in 86 N. W. 872.

**Statute of Limitations.**

 3. The filing of complaints in this action by creditors exhibiting their claims against the corporation tolled the statute of limitations, both as to it and its stockholders.

**Promissory Notes—Evidence.**

 4. It was not necessary for such creditors to make preliminary proof of the execution of certain promissory notes and indorsements, and guaranties thereon, offered in evidence by them.

**Orders of Court.**

 5. The trial court did not err in making either the order allowing claims or the order levying the assessment.

Action in the district court for Ramsey county by a judgment creditor of defendant corporation for sequestration of its property. Charles W. Farnham, having been appointed receiver of defendant, filed a petition, pursuant to Laws 1899, c. 272, for an assessment of the stockholders. From separate orders, Otis, J., adjudicating and allowing the claims of plaintiff and other creditors, and directing such assessment, W. T. Kirke and other stockholders appealed. Both orders affirmed.

*Harris Richardson, Henry C. James* and *Stevens, O'Brien, Cole & Albrecht,* for appellants.

 *Ambrose Tighe* and *Stiles W. Burr,* for respondent.

START, C. J.

On July 30, 1895, the plaintiff, a creditor, began this action against the defendant St. Paul Park Improvement Company, a corporation, for the sequestration of its property and the appointment of a receiver. The allegations of the complaint show that the action was brought under the provisions of G. S. 1894, c. 76, although it was not so expressly alleged. Such proceedings were thereafter had in the action that judgment was duly entered on September 16, 1895, sequestering the property of the defendant, and appointing Charles W. Farnham as receiver. On February 1, 1896, the court made an order requiring creditors of the defendant to exhibit their claims and become parties to the action within six months after the date of the first publication of the order. The order further provided that the receiver, any creditor, or any stockholder, might,

84 M.--10

within thirty days after the expiration of the six-months limitation, file objections to the allowance of any claim so exhibited. Pursuant to this order, the plaintiff and the other creditors exhibited and filed with the court their claims against the defendant. No objec- tions were filed by any one to the allowance of any of the claims so filed. Afterwards, and on September 1, 1900, the court, on petition of plaintiff, made its order designating a time and place for a hearing on such claims.

Meanwhile on December 6, 1899, the receiver presented to the court a petition praying for an assessment of the stockholders on account of their liability for the debts of defendant, pursuant to Laws 1899, c. 272. Thereupon the court made its order fixing a time and place of hearing on such petition, notice of which was duly given. The hearing upon such claims presented by cred- itors against the corporation, and the hearing upon the receiver's petition for an assessment of stockholders, were heard by the court at the same time. After hearing the evidence of the re- spective parties as to each of such matters, the court, on De- cember 15, 1900, made its order determining the amount due upon the claims of the respective creditors, and allowing the same. It also, on the same day, made its order levying an assessment upon the stockholders of the defendant corporation of sixty per cent. of the par value of the stock held by them, respectively. Certain of the stockholders appealed from the order allowing and adjudicating the claims of creditors against the defendant corporation, and also from the order levying an assessment upon the stockholders. The appeals were argued and submitted to- gether.

1. The respondent moves the court to dismiss both appeals, for the reason that each is taken from a nonappealable order. As to the appeal from the allowance of the creditors' claims, it is urged that the appeal is simply from the trial court's findings of fact and conclusions of law. While the action of the court was in the form stated, yet the court did adjudge, determine, and allow the claims of the creditors against the corporation. It was, in effect, a judgment allowing the claims of creditors against the corporation, and therefore appealable. The order

assessing the stockholders was a final one, affecting a substantial right, made in a special proceeding. It was appealable. While many of the facts in this case, and the evidence tending to establish them, are relevant to both appeals, yet the orders appealed from are not interdependent, and separate consideration of them will best tend to a clear and correct understanding of the merits of each.

2. The appellants assign ninety-six errors, some of which are so obviously without merit that it is unnecessary specially to refer to them. The first objection to the order allowing the claims meriting consideration is to the effect that the dismissal by stipulation, without prejudice, of the supplemental complaint, by one of the creditors of the corporation, impleading the stockholders, and the proceedings thereunder making them parties to the action, operated as a dismissal also of the claims of creditors theretofore filed against the corporation. Intervening complaints of creditors exhibiting their claims against the corporation were filed before such supplemental complaint, and they were in no manner connected with, or dependent upon, the latter; therefore neither the filing of the supplemental complaint nor its dismissal affected the status of the claims theretofore exhibited in this action against the corporation. It is urged that a large number of claims allowed were barred by the statute of limitations. None of the claims were barred as to the corporation when the creditors' intervening complaints, exhibiting their respective claims, were filed. The filing of such complaints had the same effect, as to the tolling of the statute, as the commencement of an original action by the creditors against the corporation would have had. It follows that the statute had not run as to any claim at the time the court made its order allowing claims, or as to proceedings to enforce the liability of stockholders for the payment of such claims.

Another assignment of error is this:

"The court erred in allowing claims amounting in the aggregate to $39,751.46, because, if any claims were properly proven, they amount in the aggregate to no more than $29,751.46."

The appellants urge, under this assignment of error, that the evidence showed that the receiver, through his attorneys, collected from the estate of a deceased stockholder, for and on account of his stock liability, the sum of $10,000, which should have been applied pro rata as a payment upon the claims of the creditors. Assuming, without so deciding, that the assignment of error is sufficient to authorize a consideration of this question, we are of the opinion that the trial court did not err in not applying any part of the alleged fund upon the claims of creditors. The claim of each creditor was a separate and independent cause of action against the corporation, and, if it be conceded that there was in the hands of the receiver or his attorneys any money which equitably ought to be applied in payment of the claims of creditors, none of them could lay claim to any specific portion of the fund, and give credit therefor on his claim. Therefore the creditors were entitled to prove their claims, and have them allowed, without reference to the supposed fund in the hands of the receiver. Of necessity, they could only prove their claims for the amounts which they did. This conclusion does not prejudice the stockholders; for the trial court, by its order allowing the claims, expressly provided

"That all moneys which may be realized and become applicable to the payment thereof [the claims so allowed] in this action be so paid and applied in such manner and proportion as the court may hereafter direct."

Under this provision, it is open to the appellants to secure an accounting as to the fund, and an application of any balance in the hands of the receiver, applicable to the payment of debts, to the payment, pro rata, of the claims of creditors as allowed by the court.

The intervening creditors, in support of their several claims against defendant, offered in evidence certain promissory notes wherein the defendant was named as payee, each of which purported to have been indorsed or payment thereof guarantied by the defendant. The promissory notes, and the indorsements and guaranties thereon, were received in evidence, without prelimi-

nary proof of their execution. The appellants here urge that the trial court erred in so receiving them in evidence. It is not entirely clear from the record that this specific objection was made on the trial. If it was not, then it cannot be here considered; for, when a written instrument is offered in evidence, a general objection that it is incompetent, irrelevant and immaterial does not involve the point that preliminary proof of its execution has not been made. McDonald v. Peacock, 37 Minn. 512, 35 N. W. 370; Thompson v. Ellenz, 58 Minn. 301, 59 N. W. 1023. But, assuming that the objection was sufficient, it is without merit; for the instruments were admissible in evidence without preliminary proof of their execution, by virtue of G. S. 1894, § 5751, which provides:

"In actions brought on promissory notes or bills of exchange by the indorsee, the possession of the note or bill is prima facie evidence that the same was indorsed by the person by whom it purports to be indorsed; and every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit; but this section shall not extend to instruments purporting to have been signed or executed by any person who shall have died previous to the requirement of such proof."

The appellants concede that, if this were an independent action against the defendant as indorser or guarantor of the notes by the indorsees thereof, the statute would apply, and preliminary proof of the execution of the notes and the indorsements would not be necessary. But they insist that this is not such an action. This action, however, as between the defendant corporation and each creditor, is one brought upon a promissory note, within the meaning of the statute. Each creditor and the corporation are parties to the action, in which the creditor seeks to have allowed and adjudged his claims against the corporation on account of its liability as indorser or guarantor of the notes; therefore the trial court did not err in receiving the notes and indorsements and guaranties thereof in evidence. First Nat. Bank v. Compo-Board Mnfg. Co., 61 Minn. 274, 63 N. W. 731.

The appellants urge many other objections to the allowance of the claims of creditors, which relate to the sufficiency of the waiver by defendant of demand and notice of protest on certain notes indorsed by it, and to the consideration for its guaranty of payment of the notes. The questions raised by such objections are neither new nor doubtful, and all we deem it necessary to say in this connection is that the trial court did not commit any reversible error in allowing the claim of any creditor.

3. This brings us to a consideration of the appeal from the order assessing the stockholders. The first and important question is whether the act under which the assessment was made (Laws 1899, c. 272) is constitutional. We held that it was in the case of Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne B. & S. Co., 80 Minn. 125, 83 N. W. 36. But, in view of the great importance of the question, we permitted it to be fully reargued in this case. We have given the able argument and exhaustive brief submitted on behalf of the appellants the consideration the importance of the question demands. We are not, however, convinced that the former decision was wrong. We adhere to it, and hold the act constitutional.

Another objection to the assessment is that it was excessive. The law authorizing the assessment (Laws 1899, c. 272, § 3) provides that the court shall levy such ratable assessment upon the stockholders as the court in its discretion may deem proper, taking into account their probable solvency or insolvency, and the probable expenses of collecting the assessment. The trial court did not make any findings of fact as a basis of its order, nor was it necessary to do so. It did, however, find that it was necessary and proper that an assessment of $60 on each share of the capital stock of the corporation be levied against the stockholders. The main reason assigned by appellants why such assessment was so excessive as to indicate an abuse of its discretion by the court is, in effect, that it did not take into consideration the $10,000 claimed to be in the hands of the receiver or his attorneys; or, in other words, that it made an assessment which was $10,000 larger than it should have been. But the court did not make an assessment for any specific amount. It may be conceded that it

was the duty of the court in determining what, under all of the facts of the case, would be a reasonable assessment, to take into consideration, not only the probable indebtedness of the corporation, but also the probable amount which would be available from the fund then in the hands of the receiver to pay such indebtedness. But we find nothing in the record to establish the claim that the court did not take into consideration the probability that there would be a balance of the $10,000, over and above the expense of collecting it, to apply upon the debts. It is true that the receiver, who knew the fact better than any one else could know it, did not offer any evidence as to the amount of such expenses. Why he did not do so does not appear from the record. But we cannot presume error, and we cannot say from the record that the court did not treat the whole sum as applicable to the payment of the debts and the ordinary costs of the receivership. If the fund be so considered, in connection with the evidence, as to the debts of the corporation and as to the insolvency of many of the stockholders, there are no fair grounds for holding that the assessment was excessive. We hold that it was not.

The last objection as to the assessment meriting consideration is to the effect that the court erred in refusing to permit appellants to show that after the commencement of this action, but before the receiver was appointed, the defendant made an assignment for the benefit of its creditors, under the provisions of Laws 1881, c. 148, as amended. It is contended that after such assignment the court could not appoint a receiver nor make the assessment on his application. This action having been commenced before the assignment was made, the rights and remedies of creditors by this action could not be impaired by the assignment. State v. Bank of New England, 55 Minn. 139, 56 N. W. 575.

Upon the whole record we are of the opinion that each of the orders appealed from should be affirmed. So ordered.