GEORGE W. GILBERT et al.

*vs.*

GEORGE THOMPSON.

*First.* A simple power of attorney to sell land, executed by a Sioux half breed, is good till revoked, and will extend to land subsequently acquired by means of scrip, issued under the act of Congress of July 17, 1854, if such land come within its terms.

*Second.* Such power of attorney cannot be defeated by parol proof that by it the parties intended to effect a transfer of the scrip.

*Third.* A party objecting to the introduction of evidence, must state his point so definitely, that the court may intelligently rule upon it, and that the opposite party may, if the case will admit of it, remove the objection by other evidence.

This action was commenced in the district court for Wabasha county. The complaint alleges title in fee, and right of possession in the plaintiffs, to certain real estate in said county; that the defendant is wrongfully in, and unlawfully withholds the possession, and demands judgment for possession, &c. The defendant answered admitting possession, denying all the other allegations of the complaint, and averring title in himself. The cause was tried before the court, assisted by a jury. It appeared on the trial, that both parties claimed title through one Amelia Monette, who was the original grantee of the United States, and a half-breed of the Dakota or Sioux Indians. The plaintiffs claimed through a deed from said Amelia dated May 29, 1867, and possession in the defendant being admitted, they introduced

this deed in evidence and rested. The defendant claimed through a conveyance from the said Amelia executed by her, by her attorney in fact, Benjamin Lawrence, dated July 18, 1857. He offered this deed in evidence. The plaintiff objected to its reception on the ground "that it was not executed in form to admit to record; that in form the deed was an absolute nullity, as it was not in the form required for conveyances of real estate;" the court overruled the objection, the deed was introduced, and plaintiffs excepted. The defendant also introduced the power of attorney from the said Amelia to said Benjamin Lawrence, under which this deed was executed, dated May 27, 1857. This power of attorney authorized the said Lawrence to act for the said Amelia as follows: "For me and in my name to enter into and take possession of all the real estate belonging to me, or of which I may hereafter become seized, situated in the county of Wabasha, in the Territory of Minnesota; and for me to lease, bargain, sell, grant and confirm the whole, or any part thereof; * * * * * and for me and in my name, to make, execute, acknowledge, and deliver unto the purchaser, or purchasers thereof, good and sufficient conveyances," &c. After introducing this power of attorney and deed, the defendant rested.

The plaintiff then offered to prove that the said Amelia as a half-breed of the Dakota or Sioux Indians, received from the United States certificates or scrip, issued under the act of Congress of July 17, 1854; that at the date of the power of attorney in evidence, she transferred and delivered to one A. P. Foster said scrip, for a money consideration; that the power of attorney was executed and delivered to said Foster; that a part of said scrip was afterwards located upon the land in question by said Foster, and the deed put in evidence by defendant afterwards executed

under that power of attorney; that the consideration in the deed was paid to Foster; all the negotiations had with him, and that Lawrence, said Amelia's attorney in fact, had nothing to do with the transaction except to sign the deed as directed by Foster; that the whole transaction was designed to evade and defeat said act of Congress. The defendant objected to the reception of such evidence, on the ground that it was incompetent, irrelevant and immaterial; the court sustained the objection and plaintiffs excepted.

The jury found a verdict for the defendant, the plaintiffs made a motion for a new trial, which was denied, and they appealed from the order denying the same to this court.

JOHN N. MURDOCK and WILDER & WILLISTON for Appellants.

CAMPBELL & BIRDSAY and MITCHELL & YALE for Respondent.

*By the Court*—GILFILLAN, Ch. J.—The act of Congress, of 1854, under which Sioux half-breed scrip was issued, provides " that no transfer or conveyance of any of said certificates or scrip, shall be valid." It was the intention of Congress that the right to acquire public lands by means of this scrip, should be a personal right, in the one to whom the scrip issued, and not property in the sense of being assignable; but no restraint is imposed upon the right of property in the land, after it is acquired by location of the scrip. In the scrip itself, the half-breed had nothing which he could transfer to another; but his title to the land, when perfected under it, was as absolute as though acquired in any other way. It follows that any attempt to transfer the scrip,

directly or indirectly, would be of no effect as a transfer. The title to the scrip would remain in him, and the title to the land acquired by it would vest in him, just as though no such attempt had been made.    Such attempt to transfer would not involve any moral turpitude, nor the breach of any legal duty, as is the case with an attempt to transfer a pre-emptive right.    It would be simply ineffectual, because the scrip is not transferable.    A power of attorney, so far as intended to operate as a transfer, would be of no avail ; the right of the half breed in the scrip and land would remain the same ; it could not be made irrevocable, nor create any interest in the attorney.    Should the attorney sell under it, he would be accountable to his principal, precisely as in the case of any power to sell ; but a simple power to sell, executed by a half breed, is good till revoked, and would extend to land subsequently acquired by means of scrip, if such land came within its terms.    We think such a power could not be varied by parol proof that the parties had an intention not expressed in it, even to defeat the power, except on the same grounds as would admit such proof in other cases.    The intent to transfer the scrip not being illegal, but only ineffectual, could not affect the power where not expressed in the same instrument, or in one equal in degree, as evidence.    Whether the power to sell would be upheld in an instrument, upon its face a transfer, the former being only incidental, we do not decide.

When the deed executed by the attorney was offered in evidence, the plaintiffs objected to it, on the grounds " that it was not executed in form to admit to record ; that in form the deed was an absolute nullity, as it was not in the form required for conveyances of real estate."    From this neither the defendant nor the court below could know what precise objection was intended.    Under it, the specific objection is

made here, that the acknowledgment is defective, and that the land is described by employing initial letters to designate the subdivisions. The objection made below does not point out either of these objections. A party objecting to the introduction of evidence, must state his point so definitely, that the court may intelligently rule upon it, and the opposite party may, if the case will admit of it, remove the objection by other evidence. As there was no question of record notice, both these objections, if they had been well founded, might have been removed; that to the acknowledgment by common law proof of the execution, and that to the description, by proof of the sense in which the parties read the initials. 1 *Greenleaf Ev.*, (12 *Ed.*), *Sec.* 282, *et seq.*

The order appealed from is affirmed.