ALPHEUS STILLMAN *vs.* NORTHERN PACIFIC, FERGUS & BLACK HILLS
RAILROAD COMPANY.

January 18, 1886.

Condemnation Proceedings— Measure of Damages — Danger from
  Fire—Objections to Evidence.—Upon the trial of an action in which
  damages were to be assessed for the taking of farming land for railroad
  right of way, it appearing that there were buildings upon the land, wit-
  nesses were asked to testify as to how much the value of the property
  had been diminished by the locating of the road across it, *taking into
  consideration the danger from fire*, among other things.   The objections
  that this was immaterial and incompetent, and did not involve the proper
  elements of damage, *held* insufficient to raise the point that the questions
  assumed facts not proved, viz., that the buildings were so near to the
  railroad as to be exposed to real danger from fire, and so that the mar-
  ket value of the property was thereby actually depreciated.

Action to recover possession (with damages) of a strip of land in Otter Tail county, upon which the defendant, without taking proceed-ings to condemn, had built and for more than a year operated its railroad.   In its answer the defendant admitted the taking, and (pur-suant to Gen. St. 1878, *c.* 34, § 34) averred its readiness to pay com-pensation for the land, to be ascertained by the jury upon the trial. The action was tried by *Collins,* J., and a jury, and plaintiff's com-

pensation was assessed.   Defendant appeals from an order refusing a new trial.

*W. P. Clough* and *M. R. Tyler*, for appellant.

*J. W. Mason*, for respondent.

DICKINSON, J.   The issue to which the alleged errors relate was as to the amount of compensation to be allowed to the plaintiff, as the owner of a tract of farming land, on account of the taking by the defendant of a strip through the same for its line of road.   Several witnesses were asked, on the part of the plaintiff, to give their opinions as to how much the value of the property had been diminished by reason of the locating of the railroad across it, taking into consideration, among other things, *the danger from fire*.   To such questions objections were made, upon the grounds that the evidence so sought was incompetent and immaterial, and did not involve the proper elements of damage.   The overruling of these objections constitutes the error assigned, and it is now urged by the defendant that there was no evidence that any buildings were situate near the line of the road, or that there was any danger from fire.   The point made is, in effect, that the questions assumed as a fact what was not shown by the evidence to be such.

We are of the opinion that the ruling of the court should be sustained, for the reason that the objections named were not of a nature to inform the court and the adverse party of the real ground of objection now relied upon.   Facts as to the location of a house and an old saw-mill upon the land had been presented in an irregular manner, which it is fair to assume showed to the jury the situation of those buildings with respect to the railroad.   This was done through a plat said by a witness to correctly represent the course of the railroad through this land.   Testifying with reference to this plat, the plaintiff had designated the location of the buildings mentioned. The plat was not offered in evidence, and is not incorporated in the case.   But, although it be assumed that such evidence did not show that the buildings were so near to the railroad as to be necessarily exposed to danger from fire, and that it did not appear that the market value of the property had been affected by reason of its exposure to such a danger, even then we think the objections stated were in-

sufficient to raise the point now urged. If the proof was thus defective, the requisite evidence might have been supplied at once if attention had been called to the real ground which rendered these questions improper.

Under such circumstances, the real objection now urged, that the questions assumed a fact not shown by the evidence, should have been disclosed, so that neither the court nor the adverse party might be misled, and so that the defect in the proof properly preliminary to these questions might have been cured. *Gilbert* v. *Thompson*, 14 Minn. 414, (544;) *Daly* v. *Byrne*, 77 N. Y. 182; *Wood* v. *Weimar*, 104 U. S. 786, 795. The objections stated upon the trial were insufficient for this purpose. The danger from fire was a matter proper to be taken into consideration by the witnesses in estimating the depreciated value of the property, if, in fact, the railroad was located so near to the buildings as to expose them to real and appreciable danger,—such a danger as to actually depreciate the market value of the property. *Colvill* v. *St. Paul & Chic. Ry. Co.*, 19 Minn. 240, (283;) *Lehmicke* v. *St. Paul, S. & T. F. R. Co.*, 19 Minn. 406, (464,) 417, (483;) *Curtis* v. *St. Paul, S. & T. F. R. Co.*, 20 Minn. 19, (28.)

Order affirmed.