PETER NELSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

May 10, 1886.

**Trial—Objections to Evidence.**—Application of the rule that an objection
to evidence must be stated with such definiteness as to fairly suggest the
ground of the objection.

Evidence *held* sufficient to sustain the verdict.

Plaintiff brought this action in the district court for Mower county,
to recover the value of a hay-press and tools, destroyed by fire al-
leged to have been caused by one of defendant's engines. The action
was tried before *Farmer*, J., and a jury, and plaintiff had a verdict.
Defendant appeals from an order refusing a new trial.

*W. H. Norris* and *H. H. Field,* for appellant.

*Lafayette French,* for respondent.

MITCHELL, J. It is conceded that if the fire which destroyed plain-
tiff's property was caused by one of defendant's engines, it was by No.
47, attached to the freight train from Lyle to Austin, which passed
about 5 o'clock in the afternoon of April 17, 1884. The first assign-
ment of error is that the court erred in refusing to strike out the tes-
timony of one Osborn, a witness for plaintiff, as to the setting of other
fires by this train on other days during the preceding two weeks. The
contention of appellant is that evidence of other fires would have
been competent only when caused by the same engine, and that there
was no proof that it was engine No. 47 which was attached to this
train on these previous occasions. Assuming the rule of law to be as
suggested, there are, in our opinion, two reasons why the exception
of appellant as shown by the record was not well taken. The state-
ment of the grounds of the objection to the evidence was too indefinite,
and not sufficiently explicit to present the particular objection now
urged. Upon the examination of this witness he had given certain
testimony as to other fires being set by the engine on the train on
previous days. He was then asked this question: "*Question.* But this
engine, you say, had thrown fire for several days before? [Defend-

ant's counsel objects to all evidence of anything that happened *before the time of the fire in question,* and moves to strike it out. Objection overruled. Exception by defendant.]" The witness then gave further evidence, not really responsive to the questions asked him, as to other fires set by this 5 o'clock freight on other occasions. He also testified that he could not say it was the same engine that set these other fires; that he did not take the number of it, but that it was this 5 o'clock train; and that he knew *they generally run the same engine on the same train.* "Defendant's counsel moves that all the testimony of the witness as to the setting of fires by this train *on other days than the day in question* be stricken out. Motion denied. Exception by defendant."

Now the purpose of an objection to evidence is to inform the court upon what ground the objector claims that it should be excluded. Hence a party must state his point so definitely that the court may intelligently rule upon it, and the opposite party may, if the case will admit of it, remove the objection. *Gilbert* v. *Thompson,* 14 Minn. 414, (544;) *Cannady* v. *Lynch,* 27 Minn. 435, (8 N. W. Rep. 164;) *Craig* v. *Cook,* 28 Minn. 232, (9 N. W. Rep. 712;) *Stillman* v. *Northern Pac., etc., R. Co.,* 34 Minn. 420, (26 N. W. Rep. 399.) From the record it seems to us clear that the first objection to this evidence was based upon the ground that it was incompetent to prove the setting of other fires at other times, even if set by the same engine. And we also think that a court would naturally understand that the motion to strike out was based upon the same grounds. The language used fairly implies this, and would hardly suggest to the mind of the court the point now made, to wit, that the identity of the engine had not been shown. We are of opinion that the motion was also properly denied, because there was evidence tending to prove that it was the same engine which started these other fires. It was the engine attached to the same train,—the 5 o'clock freight,—and the witness testifies that "they generally run the same engine on the same train." Whatever be the fact as to this, no evidence was introduced by the defendant to rebut this statement.

The second assignment of error is that the verdict is against the evidence. There was ample evidence to justify the jury in finding

that this fire was started by sparks or cinders from defendant's locomotive. This, under the statute, would raise a presumption of negligence which it was incumbent upon defendant to rebut. This rebutting evidence must be as broad as the presumption, and satisfactorily rebut every negligent act or omission which might, under the circumstances of the case, reasonably or naturally have caused the fire. *Karsen* v. *Milwaukee & St. Paul Ry. Co.*, 29 Minn. 12, (11 N. W. Rep. 122.) In accordance with our custom in such cases, we shall not discuss the evidence; but a careful examination of it satisfies us that the question whether defendant had satisfactorily rebutted the presumption of negligence was one for the jury.

Order affirmed.