HENRIETTA N. WHITE v. STANDARD LIFE AND ACCIDENT INSUR-
ANCE COMPANY.[1]

January 18, 1907.

Nos. 14,969—(130).

Appeal by plaintiff from an order of the district court for Ramsey county,
Hallam, J., denying a motion for a new trial, after a trial and a directed ver-
dict in favor of the defendant. Affirmed.

*Henry W. Williams* and *Walter A. Shumaker*, for appellant.

*Edmund A. Prendergast*, for respondent.

PER CURIAM.

Upon a former appeal the law of this case was laid down, viz., that the
company was expressly exempt by the contract of insurance from liability
for death resulting wholly or in part, directly or indirectly, from bodily
disease; and further, that it was conclusively established by the evidence
that at the time the policy was issued, and at the time of the death of the
assured he was affected with diabetes, and that such disease directly co-
operated with the injury in causing his death. 95 Minn. 77, 103 N. W. 735, 884.

The cause having been remanded for a new trial, the trial court directed
the jury to return a verdict in favor of respondent, upon the ground that
the evidence was substantially the same as submitted upon the former appeal.
From a careful consideration of all the evidence in the case, we are entirely
satisfied that only one result is possible, and that is that the injured man
was afflicted with diabetes at the time of his injury, and that the disease,
aggravated by the injury, was the cause of his death.

During the examination of appellant, testifying as to the condition of the
assured, the following question was asked: "Q. What manifestations of pain
did he make? A. Why he held up his hand all the time. He said the pain
was unbearable." The latter part of the answer was stricken out, and was
assigned as error. The witness further answered that the assured said: "I
cannot stand this pain much longer." This was also stricken out and as-
signed as error. But the witness went on and described minutely the con-
duct of the assured, and was permitted to testify that he groaned with pain,
that he was very restless and walked the floor, that he held his hand most
of the time, that he tossed in bed, that the pain was in his hand and arm,
and later in his shoulder and across his chest. Conceding that the two ex-
pressions stricken out might be considered manifestations or expressions of
pain, and admissible in evidence, in view of the further complete and minute

[1] Reported in 110 N. W. 1134.

account of the conduct of the assured, as detailed by the witness, and in view of all the evidence in the case, no prejudice resulted from the rulings. Had those expressions been received in evidence, they could not have affected the result.

Order affirmed.

JAGGARD, J., took no part.