## ADA BELL ASHELBY v. TRAVELERS INSURANCE COMPANY OF HARTFORD.[1]

### November 12, 1915.

### Nos. 19,516——(97).

**Accident insurance — evidence — judgment notwithstanding verdict.**

> In an action upon an accident insurance policy, in which the plaintiff was the beneficiary, insuring the deceased against loss resulting from bodily injuries effected directly and independently of all other causes, an internal hemorrhage being the immediate cause of death, it is *held* that the evidence justified a finding that the hemorrhage came as a result of an injury, as claimed by the plaintiff, and not from cancer, as claimed by the defendant, and that the court was in error in granting defendant's motion for judgment notwithstanding the verdict.

Action in the district court for Ramsey county to recover $3,150 upon defendant's policy of accident insurance. The case was tried before

[1] Reported in 154 N. W. 946.

Dickson, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $3,682. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Larrabee & Davies,* for appellant.

*A. A. Tenner,* for respondent.

DIBELL, C.

This is an action to recover upon a policy of accident insurance issued to Mary Elizabeth Higgins in which the plaintiff was the beneficiary. There was a verdict for the plaintiff. Upon defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, judgment was ordered. From the judgment entered the plaintiff appeals.

The policy insured Mrs. Higgins "against loss resulting from bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means * * *." It is substantially such a policy as was construed in White v. Standard Life & Accident Ins. Co. 95 Minn. 77, 103 N. W. 735, 884, 5 Ann. Cas. 83, and 100 Minn. 541, 110 N. W. 1134. No question of law arises upon its construction.

The death of the insured was immediately caused by a hemorrhage in the stomach. The plaintiff claims that it was caused by an accidental injury received some time before. The defendant claims that it was of cancerous origin. This is the issue. The question on this appeal is whether the evidence is such as to support a finding of the jury for the plaintiff.

On October 21, 1911, Mrs. Higgins was at Shelby, Montana, at the house of a friend. On that day she fell through a trap door into the cellar below, a vertical distance of seven feet, down a stairway of fourteen steps. She sustained numerous bruises and the local physician thought her ribs were fractured. This seems to have been a mistaken diagnosis. She was bedfast for two weeks. Then she was taken to Helena, and finally was brought to St. Paul and was taken to St. Joseph's hospital. This was on November 15, 1911. She died on November 21, 1911.

On December 26, 1911, at the instance of the defendant, an autopsy was had. It was performed by a physician employed by the defendant.

131 M.—10.

There were present Dr. Schwyzer, who had attended the deceased at the hospital, and another physician in the general service of the defendant. The autopsy disclosed that the deceased was seriously infected with cancer. The three physicians do not agree as to the conditions found. The two physicians of the defendant testified with positiveness that the hemorrhage came from cancer. Dr. Schwyzer testified with positiveness that it came from the lesser peritoneal cavity through a perforation of the posterior wall of the stomach, not within the cancerous area; and that, in his opinion, the perforation had come from the injury received in Montana. While at the hospital the deceased had peritoneal trouble. While in Montana she had stomach trouble and vomited and also vomited when at the hospital. Until the day before her death the vomitus contained no blood.

The evidentiary facts and the claims of the parties might be given in greater detail, but it is unnecessary. The theory of the plaintiff was aided by a number of experts. The theory of the defendant was aided by a larger number. Necessarily the experts based their opinions to a considerable extent upon the conditions found at the autopsy; and the three physicians present at the autopsy do not agree. Dr. Schwyzer's testimony was clear and positive as to the conditions found, and he was clear and positive in his opinion of the cause of death. We see no reason why a jury might not intelligently accept it as the true explanation of its cause. The issue was one for the jury. The case was not a conjectural one within Mageau v. Great Northern Ry. Co. 106 Minn. 375, 119 N. W. 200. It was tried by counsel with fairness and the court submitted it to the jury in an admirable charge. The order for judgment notwithstanding the verdict was erroneous.

Judgment reversed.