## MARY E. BANNISTER v. GEORGE H. HURD REALTY COMPANY.[1]

December 17, 1915.

Nos. 19,635—(245).

**Trial — issue submitted to jury.**

1. The trial court may, in a proper case, submit a cause to the jury on narrower ground of liability than that claimed in the complaint.

**Obstruction in street — liability to traveler.**

2. A cellar door projecting out upon the sidewalk is an unlawful obstruction of the street, and a person causing it is liable for any damage to travelers resulting from his maintenance of it there, if suffered through no fault of their own.

**Ice — verdict sustained by evidence.**

3. The evidence is sufficient to sustain a finding that the projection of a doorway upon a sidewalk caused an accumulation of ice and snow into a ridge upon the sidewalk, and that this caused plaintiff to fall and to suffer injury.

**Evidence of health of party.**

4. A nonexpert witness may testify that a person well known to him was well and strong at a given time.

**Evidence — complaint of pain.**

5. A nonexpert witness may testify to any words or acts of another which are the natural language of pain. Other than this he may not testify as to complaints of pain, but evidence as to complaints in this case was so vague as to be without prejudice.

1 Reported in 155 N. W. 627.

Note.—As to liability of abutting owner for permitting water to accumulate and freeze on sidewalk to injury of travelers, see note in 58 L.R.A. 328.

Action in the district court for Ramsey county to recover $1,600 for personal injury received in a fall upon the sidewalk in front of a building belonging to defendant company. The case was tried before Stanton, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $250. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Wickersham & Churchill,* for appellant.

*Doherty & McNally,* for respondent.

HALLAM, J.

Defendant owns a building on Seventh street, in St. Paul. It is a business block and is built flush with the sidewalk. Projecting out into the sidewalk is an old cellar-way. In January, 1914, this was covered with a slanting wooden door, similar to the old-fashioned outside cellar door, extending from a point on the side of the building about three feet from the ground, out into the sidewalk about 28 inches, and of a width of from 34 to 38 inches. There is evidence on behalf of plaintiff that along the sidewalk at the foot of this cellar door there was, on January 28, 1914, an irregular ridge of ice about six inches high. Plaintiff claims that, while walking along this sidewalk after nightfall, she stepped upon this ridge of ice and by reason of it fell and sustained injury.

1. Plaintiff alleges in her complaint that the ridge of ice was caused in part by the cellar door. This was the contention of plaintiff throughout the trial. The court instructed the jury that, in order to find for plaintiff, they must find that the accumulation of ice was caused entirely by the cellar door. The charge contained no error of which defendant can complain. It was consistent with the complaint and with plaintiff's theory of trial. It simply narrowed the ground on which recovery might be had.

2. There is no doubt that the projecting cellar door was an unlawful obstruction upon the street and that defendant is liable for any damage to travelers caused by its maintenance there, if suffered through no fault of their own.

3. There was evidence sufficient to sustain a finding that a ridge of

131 M.—29.

ice in fact existed at the foot of the slanting cellar door. There was no direct evidence that this ridge of ice was caused by the snow that fell upon the cellar door. We think, however, there is ground for such an inference. Snow falling upon a steeply inclined surface will naturally, by the process of sliding and thawing, cause an accumulation at the bottom of the incline. Plaintiff's evidence is that this ridge of ice was found at the bottom of the incline and that none was found elsewhere. The inference is a fair one that the accumulation of ice was caused by the cellar door.

Defendant claims the evidence is conclusive that the snow was swept from this cellar door and from the sidewalk as soon as it fell. There is some evidence to that effect. . But the janitor, upon whom devolved the duty of sweeping the snow, was sworn as a witness for the defendant and he made no such claim. The best that he could say was that he "kept the sidewalk clean as a general rule" and that he was "supposed to keep the sidewalk clean, that is, a reasonable amount of the sidewalk." Defendant's evidence is not conclusive that the door was kept free from snow.

4. It is urged the court erred in receiving evidence of plaintiff's husband that plaintiff was well and strong before the accident. The propriety of this evidence has been established beyond the realm of discussion for more than 30 years. Cannady v. Lynch, 27 Minn. 435, 8 N. W. 164; Tierney v. Minneapolis & St. L. Ry. Co. 33 Minn. 311, 23 N. W. 229, 53 Am. Rep. 35.; Isherwood v. H. L. Jenkins Lumber Co. 87 Minn. 388, 92 N. W. 230.

5. The court also received evidence of plaintiff's husband of complaints of pain made by plaintiff after the accident. At the time of the fall plaintiff and her husband were on their way to a theatre. He was asked if she complained of pain on the way to the show. He answered: "No, not until we got to the show." Asked further, he said: "She complained at the show" and insisted on going home. The trial court stated that this evidence was received with the expectation that the evidence would "disclose exclamations [of pain] soon after the accident." This evidence was inadmissible. The rule established in this state is that complaints of pain, unless made to an attending physician for purposes of treatment, are not admissible in evidence. Williams v.

Great Northern Ry. Co. 68 Minn. 55, 70 N. W. 860, 37 L.R.A. 199. But the testimony above quoted was so vague and general as to be of little consequence. No order or judgment will be reversed for errors which do not affect the substantial rights of the appellant. G. S. 1913, § 7789. It seems impossible that this evidence could have caused prejudice.

The witness was permitted later to state that plaintiff complained of pain while in bed that night. When asked to state the nature of the complaint, he said: "She had her hand on her stomach, groaning and tumbling" and would say: "Oh, my stomach." We find no error in the admission of this evidence. While evidence as to complaints of pain is not admissible, exclamations of pain, or any words or acts that are the natural language of pain, may be given in evidence. The words and acts testified to were of this class. See White v. Standard Life and Accident Ins. Co. 100 Minn. 541, 110 N. W. 1134.

Order affirmed.