## ALDIE JOHNSON v. C. M. ELMBORG.[1]

November 6, 1925.

No. 24,783.

**Amendment of complaint sustained.**

1. There was no abuse of discretion on the part of the trial court, in permitting plaintiff to amend her complaint during the trial and in requiring the trial to proceed.

**Denial of new trial proper.**

2. The trial court did not abuse its discretion in refusing a new trial upon the ground of newly discovered evidence.

**Negligence of defendant sustained by evidence.**

3. The evidence is ample to warrant the finding of the jury that the defendant was guilty of negligence which contributed to plaintiff's injury.

[1]Reported in 205 N. W. 628.

**Damages not excessive.**

    4. The question of plaintiff's contributory negligence was, under the proofs, a question for the jury. The verdict is not excessive.

    1. See Pleading, 31 Cyc. p. 399.
    2. See New Trial, 29 Cyc. p. 1009.
    3. See Municipal Corporations, 28 Cyc. p. 1495.
    4. See Damages, 17 C. J. p. 1107, § 438; Municipal Corporations, 28 Cyc. p. 1510.

    3. See note in 45 L. R. A. (N. S.) 75; 13 R. C. L. 408, 409; 3 R. C. L. Supp. p. 52; 4 R. C. L. Supp. p. 814 et seq.; 13 A. L. R. 17.
    4. See note in L. R. A. 1915F, 30; 8 R. C. L. p. 674; 2 R. C. L. Supp. p. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. p. 480.

Action in the district court for Hennepin county. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*C. E. Warner* and *McDowell & Fosseen,* for appellant.

*H. M. Quayle,* for respondent.

QUINN, J.

Action to recover damages which plaintiff claims to have sustained by reason of having fallen upon a sidewalk, extending along the south side of the premises belonging to the defendant. There was a verdict of $1,125 in favor of the plaintiff. The defendant moved for judgment in his favor or for a new trial, and appealed from an order denying his motion.

At Minneapolis, Longfellow avenue extends approximately north and south, and Thirty-fifth street crosses it at right angles. The defendant owns and resides in a residence facing east, at the northwest corner of said intersection. In her complaint, the plaintiff alleged that, on the twenty-fifth day of January, 1923, while walking along Longfellow avenue, in front of the defendant's property, she slipped and fell on an accumulation of ice and snow which was

allowed to accumulate there because of a drain pipe leading from defendant's residence and casting water upon the walk, which caused a hummock or mound of ice to form, some 5 or 6 inches above the walk, which had become smooth and slippery on top.

During the trial it developed that there was no drain pipe leading from defendant's dwelling to the walk on Longfellow avenue, but that there was a drain pipe leading, from the rear corner of the dwelling, south to the walk on Thirty-fifth street. The trial court allowed plaintiff, under objection, to amend her complaint so as to charge that she fell on Thirty-fifth street, instead of on Longfellow avenue.

It is contended, on behalf of defendant, that the court erred in allowing plaintiff to amend her complaint; in refusing to grant defendant a new trial upon the ground of newly discovered evidence; that no negligence on the part of defendant was shown; that plaintiff was guilty of contributory negligence as a matter of law; that the verdict is excessive and appears to have been given under the influence of passion and prejudice; and that, for each and all of such reasons, it was reversible error not to grant his motion for judgment or for a new trial.

It appears from the record that there was no drainage pipe whatever extending from the front of defendant's residence east to Longfellow avenue, but that there was one extending, from the southwest corner of the residence, south to the sidewalk on Thirty-fifth street. The injury complained of occurred in the middle of the afternoon, about a year prior to the trial. A number of persons gathered about plaintiff, at the time of her fall, and assisted in taking her home. A police officer hailed a passing automobile, called another man to assist in carrying and placing plaintiff in the car and conveying her to her home in the neighborhood. The trial court, knowing the surrounding circumstances, allowed the amendment and did not, in our opinion, exceed his discretionary power and duty.

We find the circumstances, above referred to, pertinent to the motion for a new trial on the ground of newly discovered evidence. It must be, if even slight diligence had been made on behalf of the

defendant in preparing for trial, easy to have ascertained the identity of those who witnessed the accident and to have learned their views as to how and where the fall occurred. Appellant claims that, if a new trial was had, certain persons who claim to have witnessed plaintiff's fall would testify that it occurred some 20 feet farther west than plaintiff and other witnesses testified that it happened. It was largely a question for the trial court and we find no abuse of discretion on its part in disposing of the matter.

There is no merit in the contention that there was no evidence in the record of negligence on the part of the defendant which contributed to the accident. The defendant testified upon the trial that he had owned the premises in question for about 9 years; that the premises were in the same condition in January, 1923, as they were when he bought them, except that the drain pipe was plugged up and frozen up and cracked; that the drain pipe extends from the house down and out to the walk; that he never did anything in the way of repair and that it is in the same shape now; that it connected with the spout coming from the roof, but it was frozen up; that when it got full of ice it "busted"; that it had been in that condition since the two first years he was there. Mr. Simpson, the police officer, testified that the walk was very slippery at the time he found the plaintiff injured; that the water from the drain pipe had formed ice on the walk and it was very slippery; that snow had been falling that afternoon and you couldn't see the ice; that he had passed the place in question almost daily for 6 years and that the sidewalk was very slippery in the winter, and that it was worst at the drain pipe, and, at the time of the accident, there were bunches of ice there.

Upon the question of contributory negligence, the court submitted that question to the jury under very full and proper instructions, and its findings are conclusive upon that issue, as the evidence amply supports the conclusion. The verdict is not, in our opinion, excessive. The plaintiff sustained a fracture of the right leg, immediately above the ankle. She suffered much pain and was confined to her room for about 3 months. The verdict should stand.

The case presents a mere variance "between the allegations in the pleading and proof" and so it was not material unless it "actually misled the adverse party to his prejudice in maintaining his action or defense on the merits." In such an action, under section 9281, G. S. 1923, the adverse party cannot complain of the variance or of a resulting amendment unless he "alleges that he has been so misled" and, *in addition,* "prove the fact to the satisfaction of the court, showing in what respect he has been misled."

Affirmed.