**Maurice LaFOND, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third Party Plaintiff,**

v.

**CITY OF OWATONNA, Third Party Defendant.**

**No. Civ. 4–84–170.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 29, 1985.

Stephen J. Smith, Smith & Tollefson, Owatonna, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty., and James E. Lackner, Asst. U.S. Atty., Minneapolis, Minn., for defendant and third party plaintiff.

David K. Wendel, Joseph M. Stocco & Associates, Edina, Minn., for third party defendant.

### MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant's motion will be granted.

### FACTS

This is a suit brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, in which plaintiff alleges that he slipped on an ice patch on the sidewalk adjacent to the U.S. Post Office in Owatonna, Minnesota. Defendant United States of America has brought a third party action against the city of Owatonna. Plaintiff is a 61 year old resident of Owatonna who customarily walks to his job at the Jostens' manufacturing plant. The Jostens' plant is approximately seven blocks from plaintiff's house.

On Monday, February 14, 1983, plaintiff left his home at approximately 6:30 a.m. to begin the walk to work. At the time plaintiff left his home, it was still dark. The weather in Owatonna over the preceding weekend had been fairly warm.[1] As a result of this thaw, snow on the sidewalks had melted and then refroze, causing some slippery spots. At his deposition, plaintiff made the following comments regarding the condition of the sidewalks on his route to work:

> Well, I could see the results of what caused the accident that I was in. There had been—Sunday the weather had been mild and there had been spots where snow had melted and then it froze, made ice spots on the sidewalks.

Deposition of Maurice LaFond at 20. Plaintiff also testified that he had encountered a number of icy spots on the sidewalk prior to the place where he fell. LaFond Deposition at 21, 24.

The U.S. Post Office in Owatonna is located across the street from Jostens', on the corner of Elm Street and Broadway. While proceeding north on the sidewalk adjacent to the post office, plaintiff slipped on a patch of ice and fell to the ground, fracturing his left leg. At the spot where plaintiff fell, the post office had shoveled a narrow path on the sidewalk and piled the snow on both sides of the walk. On the side of the walk closest to the post office building, the snow had been piled against a brick planter. On the morning of the accident, a postal employee had salted some of the ice spots in front of the building, but not the one that plaintiff slipped on.

Plaintiff seeks $75,000 in damages. His claim is essentially that the post office negligently removed the snow because the snow which was piled against the brick planter had no place to go when it melted but across the sidewalk. Defendant now moves for summary judgment.

**DISCUSSION**

A defendant is not entitled to summary judgment unless the defendant can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). Summary judgment is an extreme remedy that should not be granted unless the moving party has established a right to judgment with such clarity as to leave no room for doubt and unless the nonmoving party is not entitled to recover under any discernible circumstances. *E.g., Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). In considering a summary judgment motion, a court must view the facts most favorably to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Unlaub Co. v. Sexton,* 568 F.2d 72, 76 (8th Cir.1977). The nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir.1981).

Under the Federal Tort Claims Act, the United States is liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. Accordingly, the law of the state of Minnesota governs plaintiff's tort suit. In Minnesota, the law is clear that an owner or occupier of property abutting a public sidewalk has no affirmative legal duty to keep that sidewalk in a safe condition. *Sternitzke v. Donahue's Jewelers,* 249 Minn. 514, 83 N.W.2d 96 (1957) (summary judgment for defendant property owner where plaintiff slipped on natural accumulation of snow and ice on adjoining sidewalk). The Minnesota Supreme Court in *Sternitzke* stated the rule as follows:

> [T]he duty of keeping a sidewalk in a reasonably safe condition for travel is placed on the city and is not on abutting owners or occupants unless they created the defect or dangerous condition or

1. A report from the National Oceanic and Atmospheric Administration indicates that the high and low temperatures in Owatonna were 34 degrees and 25 degrees on Saturday, February 12, 1983, and 38 degrees and 28 degrees on Sunday, February 13, 1983.

were negligent in maintaining in a dangerous and defective condition facilities erected on the sidewalk for their convenience or for the benefit of their building. Persons who own or occupy property abutting on a sidewalk are not liable to pedestrians for injuries sustained in consequence of stumbling or slipping on ridges or hummocks of snow and ice which form from natural causes on the sidewalk.

*Id.* 83 N.W.2d at 100. The court distinguished the case before it from cases where protruding hinges on a sidewalk trapdoor were an obstruction and where the owner maintained drainpipes so that water flowed over the sidewalk and froze. *Id.* at 101. Finally, the court held that the existence of a city ordinance requiring property owners to keep sidewalks free of snow and ice does not impose such a duty on property owners for the purposes of tort liability. *Id.* at 101. Even if it is assumed that defendant violated the Owatonna city snow and ice removal ordinance,[2] then, such a violation is not sufficient to establish tort liability under Minnesota law.

For the purposes of the instant motion for summary judgment, plaintiff does not contest the above principles of tort liability. Rather, plaintiff contends that there are two grounds on which the motion for summary judgment should be denied. First, plaintiff contends that an owner or occupier of property abutting a public sidewalk has a duty to refrain from actions which permit ice to accumulate on the sidewalk. Second, plaintiff cites the Restatement (2d) of Torts, §§ 323, 324A for the proposition that one who voluntarily undertakes to perform an act he is not bound to do must use due care in the performance of the action, or be held liable for the harm that results. Both of these arguments rest on the contention that defendant can be held liable on the basis that it acted negligently by piling up the snow so that when it melted it could drain nowhere but onto the public sidewalk.

The Court will reject plaintiff's arguments. The rule in Minnesota on the *creation* of a dangerous icy condition is stated in *Bentson v. Berde's Food Center*, 231 Minn. 451, 44 N.W.2d 481, 483 (1950):

[I]t is well settled that a person may not use his property carelessly to the injury of others, and that where the owner of abutting property maintains it so that ice is caused to form on the adjacent sidewalk as the result of artificial rather than natural causes, liability for injuries sustained by a person falling thereon may follow.

The cases which the court cited to support the above rule are clearly distinguishable from the facts of the instant case. *Isham v. Broderick*, 89 Minn. 397, 95 N.W. 224 (1903) (water from drainpipe falling onto sidewalk and freezing); *Johnson v. Elmborg*, 165 Minn. 67, 205 N.W. 628 (1925) (same); *Bannister v. City of St. Paul*, 131 Minn. 448, 155 N.W. 627 (1915) (ridge of ice caused by slanting cellar door). Defendant's argument that the cause of the ice patch was natural rather than artificial is supported by the fact that plaintiff encountered a number of icy patches similar to the one in front of the post office on his way to work. LaFond Deposition at 90.

Plaintiff's argument that defendant is liable because of the manner in which the snow was shoveled was rejected by the Minnesota Supreme Court in *Abar v. Ramsey Motor Service*, 195 Minn. 597, 263 N.W. 917 (1935). In *Abar*, the plaintiff argued, *inter alia*, that by removing snow and ice in spots only, the defendant created the dangerous condition which caused plaintiff's fall. In rejecting this argument, the Minnesota Supreme Court made the following comments:

---

**2.** That ordinance provides as follows:

650:05, Subd. 1: All snow, ice, dirt, and rubbish remaining on a public sidewalk more than 24 hours after its deposit thereon is a public nuisance. The owner and the occupant of any property adjacent to a public sidewalk shall use due diligence to keep such walk safe for pedestrians. No such owner or occupant shall allow snow, ice, dirt or rubbish to remain on the walk longer than 24 hours after its deposit thereon.

Occupants and owners of property abutting city streets often do clean or attempt to clean the sidewalk in front thereof. Their worthy efforts should not be discouraged by holding them liable where no liability otherwise exists, simply because they endeavor to free the sidewalk of snow and ice.

263 N.W. at 920. *Abar* is almost directly on point to the instant case, and provides strong support for defendant's summary judgment motion. Defendant also correctly points out that the general rule, as stated in 39 Am.Jur.2d, Highways, Streets, and Bridges § 519, is that "no liability on the part of an abutting owner or occupant results from his deposit of snow or ice on or near a sidewalk, with the result that after a thaw and later refreeze, ice or packed snow forms on the sidewalk, and a pedestrian is injured when he slips thereon." (*citing Riccitelli v. Sternfeld*, 1 Ill.2d 133, 115 N.E.2d 288 (1953); *Mahoney v. Perreault*, 275 Mass. 251, 175 N.E. 467 (1931); *Taggart v. Bouldin*, 111 N.J.L. 464, 168 A. 570 (Err. & App.1933); *Kelley v. Park View Apartments, Inc.*, 330 P.2d 1057 (Ore. 1958)). *Contra*, Prosser, *Law of Torts* (1971) at 344. The public policy rationale for this rule, as defendant points out and the Minnesota Supreme Court recognized in *Abar*, is that efforts by the public to clear ice and snow off the sidewalks should be encouraged rather than discouraged.

Plaintiff's final argument against summary judgment is based on the Restatement (2d) of Torts § 324A. That section provides as follows:

**Liability to Third Person for Negligent Performance of Undertaking**

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Plaintiff makes the following argument under section 324A: the defendant owed a duty to the city of Owatonna, albeit not directly to the plaintiff, to maintain the sidewalk in front of the post office; the defendant undertook to maintain that sidewalk, either as a gratuitous service or as the city's agent, in recognition of the fact that such a service was necessary for the protection of third persons such as the plaintiff; finally, the defendant failed to exercise reasonable care in maintaining the sidewalk, thereby increasing the risk of harm to third persons such as the plaintiff.

The Court recognizes that the plaintiff's argument is a logical one which falls within the language of the Restatement rule.[3]

3. The Court notes, however, that the cases on which plaintiff relies are clearly distinguishable from the instant case. *Abresch v. Northwestern Bell Telephone Co.*, 246 Minn. 408, 75 N.W.2d 206 (1956); *Arrett v. Northwestern Bell*, CIVIL 1–77–510 (D.Minn.1979) (MacLaughlin, J.); *Walsh v. Pagra Air Taxi, Inc.*, 282 N.W.2d 567 (Minn.1979). While each of these decisions did cite section 324A of the Restatement in support of their holdings, each presented an element of reliance on the defendant's actions which is not present in the instant case. In *Abresch* and *Arrett* the plaintiffs suffered injury when the operator for the telephone company failed to transmit their message of a fire; in both cases the company had represented to the public that it would transmit emergency messages. The

Minnesota Supreme Court, in reversing a grant of summary judgment for the defendant in *Abresch*, noted that "while the telephone company is under no duty to assume the responsibility of delivering messages in cases of emergency, *if it does voluntarily assume such responsibility and thereby leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselves*, the company is required to exercise reasonable care ...." 75 N.W.2d at 211–12 (emphasis added). *See also Arrett*, at 3. Likewise, in *Walsh*, a municipality voluntarily assumed a duty to render fire protection services to a local airport, and the defendant contracted with the municipality to undertake its fire protection duty. The Minnesota Supreme Court, in holding that the

The Court will nevertheless reject plaintiff's argument and grant defendant's motion for summary judgment, for the following reasons. First, despite the fact that plaintiff's argument fits within the Restatement rule, the Minnesota Supreme Court's holding in *Abar v. Ramsey Motor Service, Inc.*, 195 Minn. 597, 263 N.W. 917 (1935) precludes an argument based on "negligent shoveling." [4] Second, the policy rationale behind the *Abar* holding is a sound one. A decision which would allow individuals such as the defendant to be held liable for their efforts to shovel public sidewalks would serve to discourage such activity. Finally, the instant case is clearly distinguishable from those cases in which the Minnesota Supreme Court has imposed liability for slips on ice resulting from "artificial" rather than "natural" causes. *See, e.g., Isham v. Broderick*, 89 Minn. 397, 95 N.W. 224 (1903); *Bannister v. City of St. Paul*, 131 Minn. 448, 155 N.W. 627 (1915); *Johnson v. Elmborg*, 165 Minn. 67, 205 N.W. 628 (1925).

Based on the foregoing, **IT IS ORDERED** that defendant's motion for summary judgment is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

defendant could be held liable for fire-related damages under section 324A because it negligently performed the services which were necessary for the protection of third persons, pointed to record evidence that the injured plaintiff relied upon the airport fire protection service. 282 N.W.2d at 570–71. In the instant case, there is no evidence that the plaintiff relied upon the defendant's actions in shoveling the sidewalk.

4. The Court recognizes that *Abar* was decided before the adoption of either the First or the Second Restatement of Torts (1939 and 1964, respectively). Nevertheless, the Court is not free to disregard the clearly expressed holding of the Minnesota Supreme Court in favor of a different rule.