**Maurice M. LaFOND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 85–5163.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1985.

Decided Jan. 13, 1986.

Stephen J. Smith, Owatonna, Minn., for appellant.

James Lackner, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Maurice M. LaFond appeals from the district court's [1] grant of a motion by the United States Government for summary judgment on LaFond's suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982). LaFond contends that the district court erred in concluding that the Government was not liable under Minnesota law for injuries sustained by LaFond when he slipped and fell on an ice patch in front of the United States Post Office in Owatonna, Minnesota. Alternatively, he requests this court to certify the issue of identifying the controlling Minnesota law to the Minnesota Supreme Court. We affirm the district court's grant of summary judgment and decline to certify any state law question in this case to the Minnesota Supreme Court.

## I. BACKGROUND.

The parties have no dispute on the essential facts. LaFond, walking on the sidewalk adjacent to the Post Office, unexpectedly encountered an icy spot on the walk, slipped and fell. Post Office personnel had shovelled a narrow path on the sidewalk, piling the removed snow on both sides of the walkway. Alternative thawing and freezing caused ice patches to form on the path. Although a postal employee had salted some of the patches, he had not salted the one on which LaFond slipped. LaFond suffered a severe leg fracture from his fall.

In his Federal Tort Claims suit, LaFond contended that the Government was liable for his damages by negligently causing ice to build on the sidewalk and for failing to remedy the situation. The district court granted the Government's motion for summary judgment at the close of discovery, concluding that the Government owed no duty to LaFond to keep the sidewalk free from ice.

## II. DISCUSSION.

█ Under the Federal Tort Claims Act, the United States is liable in the same manner and to the same extent as are private individuals under like circumstances. 28 U.S.C. § 2674. The district court, 601 F.Supp. 192 (D.Minn.1985), therefore correctly determined that LaFond must show that Minnesota law established that the Government owed him a duty to keep the sidewalk clear before LaFond could withstand the Government's summary judgment motion.

Under Minnesota law, persons occupying land adjoining a public sidewalk are liable if they cause or contribute to the formation of an artificial or unreasonably unsafe condition. *See Bentson v. Berde's Food Center*, 231 Minn. 451, 44 N.W.2d 481, 483 (1950). LaFond argues that the Government caused the ice to form on the sidewalk by shovelling the snow in such a manner that it would drain across the sidewalk when it melted. The district court held that, under Minnesota law, melting snow piled along sidewalks was a natural cause of icy conditions, and not an artificial cause for which the Government could be held liable.

█ LaFond also argues that the Government assumed the duty of keeping the sidewalk clean, and was therefore liable for doing so in a negligent manner. He relies on section 324A of the Restatement (Second) of Torts,[2] which the Minnesota

---

1. The Honorable Harry M. MacLaughlin, United States District Judge for the District of Minnesota.

2. Section 324A of the Restatement (Second) of Torts provides:
   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for

physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
   (a) his failure to exercise reasonable care increases the risk of such harm, or
   (b) he has undertaken to perform a duty owed by the other to the third person, or
   (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Supreme Court has applied in other contexts. *See, e.g., Walsh v. Pagra Air Taxi, Inc.,* 282 N.W.2d 567, 570–71 (Minn.1979) (air taxi service that undertakes city's fire fighting duty is liable for negligently discharging duty). As the district court observed, however, none of the cases cited by LaFond indicate that the Minnesota court would apply the Restatement rule in this instance. Indeed, the Minnesota Supreme Court explicitly rejected a similar argument in *Abar v. Ramsey Motor Service, Inc.,* 195 Minn. 597, 263 N.W. 917 (1935), where the court stated: "Occupants and owners of property abutting city streets often do clean or attempt to clean the sidewalk in front thereof. Their worthy efforts should not be discouraged by holding them liable where no liability otherwise exists, simply because they endeavor to free the sidewalk of snow and ice." 263 N.W. at 920. The district court did not err in concluding that it was bound by this express ruling, from which the Minnesota court has shown no sign of retreating.

LaFond therefore demonstrates no error of law on the undisputed facts existing in this case. We further decline LaFond's request to refer this case to the Minnesota Supreme Court. This case would not seem appropriate for referral for several reasons. The case appears to be a routine slip and fall case. It arises from federal law, the Federal Tort Claims Act, and the Minnesota law applicable seems settled to the extent that no Minnesota Supreme Court case suggests that the rule in the *Abar* case should be changed. Finally, the *Abar* rule is similar to that applied in other jurisdictions where ice and snow is prevalent. *See* 39 Am.Jur.2d *Highways, Streets, and Bridges* § 519, cited by the district court.

Accordingly, we affirm the district court's grant of the Government's motion for summary judgment and adopt the reasoning of the district court judge.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.