No. 96-1111

Lewis A. Heller,                         *
                                         *
                    Appellant,           *
                                         *  Appeal from the United States
          v.                             *  District Court for the
                                         *  District of Nebraska.
United States of America,  *
                                         *        [UNPUBLISHED]
                    Appellee.            *


          Submitted:  September 13, 1996

          Filed:  October 23, 1996


Before BEAM, HEANEY, and JOHN R. GIBSON, Circuit Judges.


PER CURIAM.

     Lewis A. Heller brought this action under the Federal Tort Claims Act
(FTCA), 28 U.S.C. § 2671, after he sustained injuries from a fall on an ice
patch in front of a United States Post Office in Yutan, Nebraska.[1]  Heller
claimed that the United States was negligent in creating a condition that
posed an unreasonable risk of harm, and in failing to inspect the premises,
remove the ice, or warn him of the danger.

---

     [1]The FTCA allows suits against the United States for "money
damages . . . for injury or loss of property, or personal injury
. . . caused by the negligent or wrongful act or omission of any
employee of the Government while acting within the scope of his
office or employment, under circumstances where the United States,
if a private person, would be liable to the claimant in accordance
with the law of the place where the act or omission occurred."  28
U.S.C. § 1346(b).

     By consent of the parties, the case was tried before a federal
magistrate judge, see 28 U.S.C. § 636(c), on only the issues of
liability.

The law of the state in which the allegedly negligent acts or omissions occurred governs the determination of negligence under the FTCA. See LeFond v. United States, 781 F.2d 153 (8th Cir. 1986). Under Nebraska law, a claim of negligence by a business invitee requires proof of the following five elements: (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff either (a) would not discover or realize the danger, or (b) would fail to protect himself against the danger; (4) the defendant failed to use reasonable care to protect the plaintiff invitee against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. Cloonan v. Food-4-Less of 30th & Weber, Inc., 529 N.W.2d 759, 762-63 (Neb. 1995); Richardson v. Ames Ave. Corp., 525 N.W.2d 212, 215-16 (Neb. 1995); Burns v. VFW, 438 N.W.2d 485, 493 (Neb. 1989).

The court held that Heller met his burden of proof only with respect to the first element. The court concluded that the ice patch was too small to present an unreasonable risk of harm, that it was reasonable for the defendant to expect a postal customer to see the ice and protect himself by avoiding it, and that the proximate cause of Heller's injury was his own failure to see and avoid the danger, not any negligence on the defendant's part. Based on our review of the record we find no error in the court's determinations. Accordingly, we affirm the court's judgment in favor of the defendant.

A true copy.

     Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

2